**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE RAISIN BARGAINING ASSOCIATION, et al.,**<br><br>            Plaintiff,<br><br>    v.<br><br>**HARTFORD CASUALTY INSURANCE CO., et al.,**<br><br>            Defendants. | 1:10-cv-00370-OWW-DLB<br><br>**MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FAC (Docs. 7,8)** |

## I. INTRODUCTION.

On June 17, 2010, the Raisin Bargaining Association ("RBA"), Glen S. Goto, and Monte Schutz ("Plaintiffs") filed a first amended complaint ("FAC") against Hartford Casualty Insurance Company ("Defendant") alleging various state law causes of action. (Doc. 15). Defendant filed a motion to dismiss the FAC on July 2, 2010. (Doc. 16). Plaintiffs filed opposition to Defendant's motion to dismiss on September 3, 2010. (Doc. 18).

## II. FACTUAL BACKGROUND.

Plaintiff RBA is a nonprofit California cooperative association. (FAC at 2). Plaintiffs Glen Goto and Monte Schutz are and were, at all times relevant to this action, members of the Board of Directors of RBA. (FAC at 2).

1

Plaintiffs entered into contracts for insurance with Defendant whereby Defendant agreed to insure Plaintiffs against various claims brought against Plaintiffs for actions taken in RBA's business capacity. (FAC at 1, 3). The insurance policies relevant to this action encompass coverage periods from at least 2005 to the present and obligate Defendant to provide defense and indemnity for covered claims made against RBA. (FAC at 1-3).

Beginning in or about January 2007, Richard Garabedian ("Garabedian"), through counsel, sent several letters threatening litigation and demanding almost $900,000.00 to settle a dispute between RBA, Goto, and Schutz concerning the RBA Board of Director's decision not to recommend Garabedian to the Secretary of the U.S. Department of Agriculture ("USDA") for appointment to the RBA's reserved seats on the Raisin Administrative Committee of the USDA. (FAC at 3). On or about March 2, 2007, Garabedian filed a complaint against Plaintiffs alleging defamation, slander, and breach of the common law Fair Procedure Doctrine in Fresno County Superior Court. (FAC at 3).

In response to the Garabendian complaint, on or about April 4, 2007, Plaintiff's filed an Anti-SLAPP motion against Garabedian. (FAC at 3). On November 8, 2007, the Superior Court granted Plaintiffs' Anti-SLAPP motion and struck Garabedian's entire complaint. (FAC at 4).

The complaint alleges that upon receipt of Garabedian's complaint in March 2007, Plaintiffs immediately tendered the complaint to Defendant. (FAC at 4). On or about March 19, 2007, Plaintiffs received a letter from Defendant agreeing, without any reservations, to defend and provide indemnity to Plaintiffs. (FAC

**2**

at 4). Plaintiffs met with Defendant's counsel, attorneys Gordon Park and Mohammed Mandegary of the Fresno law firm McCormick Barstow, who "requested" that Plaintiff's counsel, the law firm of Campagne, Campagne, & Lerner, continue working on defending against the Garabedian complaint until resolution of an Anti-SLAPP motion. (FAC at 4-5). The FAC alleges that Park and Mandegary promised they would recommend to Defendant that it should reimburse Plaintiffs for the fees incurred in defending the Garabedian complaint. (FAC at 5). According to the FAC, Defendant "affirmed that Plaintiff's counsel...would remain working on defending against the Garabedian Complaint." (FAC at 4-5).

Defendant paid Plaintiffs' invoices from March 2007 through September 2007 after taking additional write downs at the expense of Plaintiffs. (FAC at 5). Defendant reimbursed Plaintiffs $38,891.42. (FAC at 5).

On or about November 12, 2009, Defendant sent Plaintiffs a document entitled "Case Summary." (FAC at 6). The Case Summary refused full payment of legal fees incurred by Plaintiffs. (FAC at 6). Plaintiffs allege that the Case Summary set forth an incorrect account of the defense provided in connection with the Garabedian complaint. (FAC at 6). The Case Summary asserts that Defendant paid a total of $69,366.48 in legal fees. (FAC at 6). The Case Summary also indicated that Defendant intended to collect the attorneys' fees awarded by the Superior Court in connection with Plaintiffs successful Anti-SLAPP motion. (FAC at 6). Plaintiffs sent Defendant a written response to Defendant's Case Summary on December 16, 2009. (FAC at 7). Upon receipt of Plaintiff's response, Defendant asked Plaintiff to forward a copy of the Case

**3**

Summary. (FAC at 8).

The total amount of fees and costs for work performed by Plaintiffs' counsel from January 2007 through September 2007 was $77,056.81. (FAC at 6). According to the FAC, none of the work performed by Plaintiffs' counsel was duplicative of the work performed by Defendant's counsel. (FAC at 6). Plaintiffs allege that Defendant's actions were taken in bad faith, and that Defendant had actual knowledge that its conduct constituted bad faith. (FAC at 7).

Plaintiffs allege they have incurred costs and attorney's fees as a result of Defendant's actions. (FAC at 7). Plaintiffs also contend they have suffered great emotional distress as a result fo Defendant's conduct. (FAC at 7). Plaintiffs contend that Defendant owes Plaintiffs $38,165.33, plus 10% APR as well as punitive damages and attorneys' fees incurred in the prosecution of the instant law suit. (FAC at 5-6).

### III. **LEGAL STANDARD**.

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on

**4**

its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903,

**5**

907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

## IV. <u>Discussion</u>

**A. Plaintiffs' Quasi-Contract Claim**

California courts turn to the legal fiction of "quasi-contract" to prevent unjust enrichment. *Earhart v. William Low Co.*, 25 Cal.3d 503, 515 n.10 (Cal. 1979). Although a quasi-contract action "cannot lie where there exists between the parties a valid express contract covering the same subject matter," *e.g. Lance Camper Manufacturing Corp. v. Republic Indemnity Co.*, 44 Cal. App. 4th 194, 203 (Cal. Ct. App. 1996), quasi-contract actions may be utilized to prevent unjust enrichment regarding disputes between contracting parties that are related to, but outside the scope of, the parties' contract, *see Aerojet-General Corp. v. Transport Indemnity Co.*, 17 Cal. 4th 38, 69 (Cal. 1998) (insurer could recover costs from insured based on quasi-contract theory, despite the existence of a valid contract).

The Memorandum Decision dismissing Plaintiff's quasi-contract claim as pled in the original complaint provides in pertinent part:

> The precise nature of Plaintiffs' quasi-contract claim is unclear, as Plaintiffs' fail to allege facts sufficient to establish that Defendant ever consented to have Plaintiffs' private counsel conduct work on Defendant's behalf. To the extent Plaintiffs' quasi-contract claim is based on the insurance agreement, "it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter."

///

**6**

(Doc. 12 at 15) (citation omitted). The FAC fails to remedy the deficiencies identified in the Memorandum Decision.

Although the FAC contains a new allegation that Defendant requested that Plaintiffs' counsel continue working on the anti-SLAPP motion, the FAC fails to clearly assert that this purported agreement is the basis for Plaintiffs' quasi-contract claim. To the contrary, the FAC asserts that the basis for Plaintiffs' quasi-contract claim is Plaintiffs' performance of its obligations under a valid contract, and Defendant's breach of its duties under a valid contract. (FAC at 12-13). As noted by the Memorandum Decision, California law does not permit a party to maintain a quasi-contract action based on an alleged breach of a valid contract:

> [A]s to the Insured's claim of unjust enrichment resulting in an implied-in-fact contract, it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter. Here, the Insured has alleged the existence and validity of an enforceable written contract between the parties in its first two causes of action. The Insured then realleges the existence of the written contract in its claim of a quasi-contract. This is internally inconsistent.

*Lance Camper Manufacturing Corp.*, 44 Cal. App. 4th at 203.

The FAC's new allegations are not properly incorporated into a cognizable theory of quasi-contract under California law. In fact, the FAC's quasi-contract claim is identical to the deficient quasi-contract claim pled in Plaintiff's original complaint. (*Compare* Doc 1., Ex. B at *with* FAC at 12-13). Plaintiffs will be given one more opportunity to properly plead a quasi-contract claim.

///

**7**

**B.  Breach of Oral Contract Claim**

The FAC's oral contract claim is identical to the deficient oral contract claim pled in Plaintiff's original complaint. (*Compare* Doc 1., Ex. B at *with* FAC at ).  The FAC's new allegations are not properly incorporated into a cognizable theory of oral contract.

The FAC is ambiguous as to whether Plaintiffs seek to assert a claim for breach of an oral agreement independent of the parties' written contract.  As pled in the FAC, Plaintiffs' oral contract claim is merely a claim that Defendant's orally agreed to reimburse Plaintiff's counsel within the framework of the parties' written contract; to the extent Plaintiffs' claim is based on the parties' written agreement, Plaintiffs do not have a separate oral contract claim.  Plaintiff will be given one more opportunity to properly plead the existence of a separate oral agreement.

**C. Cumis Counsel Claim**

Plaintiffs' "cumis counsel" claim is unintelligible, as the FAC provides only a single conclusory sentence:

> Plaintiffs are entitled to attorneys' fees as costs for Defendant Hartford's failure to reimburse Plaintiffs as previously agreed and in having to bring the instant Complaint for the recovery of the expended fees and costs as agreed and/or entitled to the reasonable value of the services rendered.

(FAC at 15).  At oral argument, Plaintiffs conceded that the cumis counsel claim should be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' quasi-contract claim is DISMISSED, without prejudice;

**8**

2)   Plaintiffs' oral contract claim is DISMISSED, without prejudice;

3)   Plaintiffs' "cumis" claim is DISMISSED, with prejudice; and

4)   Plaintiffs shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk.  Plaintiff shall file an amended complaint within fifteen (15) days of the filing of the order.  Defendant shall file a response within fifteen (15) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated:   September 27, 2010**                    **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE

9